IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDEN TOLLIVER | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PJM-12-1821 |
| INTERNAL REVENUE SERVICE. | * | |
| Defendant. | | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Branden Tolliver, a resident of Clinton, Maryland, filed this self-represented civil action on June 20, 2012, seeking a tax refund. (ECF No. 1). He complains that the Internal Revenue Service ("I.R.S.") owes him approximately $6,500.00 on his return filed in April 2011, and asserts that they improperly denied his exemptions regarding residency status, child tax credit, and dependent minor qualifications. (*Id.*)  Because he appears indigent, Tolliver's Motion for Leave to Proceed In Forma Pauperis shall be granted.  For reasons to follow, the Complaint shall be dismissed.

Under the Internal Revenue Code, prior to filing suit for a tax refund, a taxpayer must file a timely claim for refund with the I.R.S.  *See* 26 U.S.C. § 7422(a).[1]  To be timely, the claim for refund must be filed with the I.R.S. within either three years of the filing of the tax return or within a two-year period of the date of tax payment, whichever period ends later.  *See* 26 U.S.C. § 6511(a).  Once a taxpayer submits a refund claim to the I.R.S., the taxpayer must wait at least

---

[1] 26 U.S.C. § 7422(a) provides that no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

six months before filing a lawsuit, unless the claim is denied before the end of the six-month period. *Id.* § 6532(a)(1). Additionally, the taxpayer must file the lawsuit within two years of the mailing of the notice of disallowance of the claim, unless the taxpayer and the I.R.S. agree in writing to extend the deadline. *See* 26 U.S.C. § 6532(a)(1)-(2). A taxpayer may not obtain a refund for a particular tax year—either through the submission of a refund claim to the I.R.S. or the filing of a lawsuit—if the I.R.S. has provided a taxpayer with a notice of deficiency for that tax year and the taxpayer timely challenged the deficiency in the Tax Court. *See* 26 U.S.C. § 6512(a).[2]

Assuming, *arguendo*, that the I.R.S. issued a notice of deficiency to Tolliver in this case, there is no indication that Tolliver has paid the tax and/or administratively challenged the I.R.S. decision by filing a claim for a refund. Although couched as a 28 U.S.C. § 1331 federal question Complaint, he provides very little information regarding what actions he has taken prior to filing his lawsuit. He is plainly seeking a refund from the I.R.S. and must exhaust his administrative remedies and file a claim in the appropriate court. *See Carter v. Campbell,* 264 F.2d 930 (5th Cir. 1959) (Congress provided two mechanisms for a taxpayer to challenge legality of a tax or

---

[2] Under the I.R.S. code provisions, an examination letter or audit letter is sent to the taxpayer, notifying him that his tax return is being examined. The letter may be accompanied by a request to meet with the taxpayer and a request for additional information or documents to be brought to the meeting. After its examination and review, the I.R.S. issues a notice of deficiency which, based upon the I.R.S.'s review of the information and return, makes changes to the taxpayer's return.

Once a notice of deficiency is issued, a taxpayer can respond in several ways. The taxpayer can agree with the changes and voluntarily pay the tax deficiency ending the tax dispute. The taxpayer can challenge the tax deficiency and file a petition with the United States Tax Court. If the taxpayer is unsuccessful in the Tax Court, he can appeal the Tax Court decision to the applicable Circuit Court of Appeals and from there, to the United States Supreme Court. If the taxpayer loses the tax appeals, the notice of tax deficiency stands and the taxpayer can either voluntarily pay the tax liability or suffer the I.R.S.'s collecting the deficiency. Once the tax deficiency has been fully litigated through the courts, or no challenge to the tax deficiency is made by the taxpayer but the tax deficiency remains unpaid, the I.R.S. then assesses the taxes. Once the tax assessment is made, the I.R.S. then attempts to collect the taxes from the taxpayer or the taxpayer's property by levy or attachment.

assessment: he may decline to pay and, provided prescribed steps are taken, seek determination through the tax court; or he may pay the disputed tax and, after exhausting refund claim procedures, sue either the district director or the United States to recover back payments); *England v. U.S.,* 261 F.2d 455 (7th Cir. 1958) (proper method of contesting validity of an assessment is to file a petition in the tax court and litigate the proposed deficiency, or to pay the tax, file a claim for a refund, and then sue for such refund in a district court).

For the aforementioned reasons a separate Order shall be entered granting Tolliver leave to proceed in forma pauperis, but dismissing his Complaint without prejudice.

/s/
PETER J. MESSITTE
July 2, 2012                                    UNITED STATES DISTRICT JUDGE